# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                           Case No. 17-10114-JWB

RAN M. WELLS,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion for early termination of supervised release. (Doc. 38.) The United States opposes the motion, as does the United States Probation Office. (Doc. 38 at 1.) For the reasons indicated herein, the motion is DENIED.

**I. Background**

Defendant was charged with and pled guilty to one count of making a counterfeit obligation of the United States in violation of 18 U.S.C. § 471. (Docs. 1, 21.) On January 22, 2018, he was sentenced by the Hon. J. Thomas Marten to a sentence of time served, three years of supervised release, and a $100 special assessment. (Docs. 26, 28.)

According to information provided by the Probation Office, Defendant has been employed at Applebee's for the past year and has maintained stable housing. He also completed Moral Reconation Therapy on June 11, 2019. However, prior to these events, on May 18, 2018, Defendant was arrested and later convicted of Domestic Violence Battery in Wichita Municipal Court. He was sentenced to probation in that matter and successfully completed it with no additional issues of noncompliance.

**II. Standard**

The court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Courts are required by 18 U.S.C. § 3583(e) to consider the following factors: the nature and circumstances of the offense and the history and characteristics of the defendant; adequate deterrence; protection of the public; the need for effective education, training, care or treatment; the sentencing guideline factors and range in effect at the time of sentencing and any subsequent amendments; the pertinent Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities between similarly-situated defendants; and the need to provide victim restitution. *United States v. Rutherford*, No. 10-40009-01-SAC, 2017 WL 2911780, at *1 (D. Kan. July 7, 2017) (citations omitted). Whether to grant a motion to terminate a term of supervised release is a matter of sentencing court discretion. *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

**III. Analysis**

After considering the relevant factors, the court concludes the motion for early termination of supervised release should be denied. Defendant's consistent and positive recent performance on supervised release is commendable and weighs in favor of the motion. But the court must also consider and weigh other factors, including Defendant's conviction for a matter involving domestic violence while on supervised release, as well as a prior conviction for a similar offense. (Doc. 24 at 10.) Defendant has also battled substance abuse issues in the past, and his continued successful avoidance of such issues on supervised release will go a long way toward allowing him to perform successfully in the future.

## IV. Conclusion

Defendant's Motion for Early Termination of Supervised Release (Doc. 38) is DENIED.

IT IS SO ORDERED this 18th day of October, 2019.

\_\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE